IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 26, 2013

## JERRY ORLANDO WEAVER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Anderson County**
**No. B0C00843     Donald R. Elledge, Judge**

_____

**No. E2012-02336-CCA-R3-PC - Filed July 15, 2013**

_____

An Anderson County jury convicted the Petitioner, Jerry Orlando Weaver, of two counts of facilitation of less than one-half gram of cocaine for sale or delivery, and the trial court sentenced him to twelve years for each conviction. The trial court ordered the sentences to run consecutively for a total effective sentence of twenty-four years. The Petitioner appealed, contending that the trial court erred when it sentenced him as a career offender and when it ordered consecutive sentences. *State v. Jerry Orlando Weaver*, No. E2009-01767-CCA-R3-CD, 2010 WL 2490762, at *1 (Tenn. Crim. App., at Knoxville, April 28, 2010), *no Tenn. R. App. P. 11 application filed*. This Court dismissed the appeal based upon the Petitioner's failure to timely file his notice of appeal and because none of the Petitioner's issues warranted consideration in the "interest of justice." The Petitioner filed a petition for post-conviction relief. As a result of the petition, the post-conviction court granted the Petitioner a delayed appeal. Accordingly, the Petitioner proceeds with his appeal to this Court. After a thorough review of the record and applicable authorities, we conclude that the Petitioner's delayed appeal lacks merit. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

Henry Forrester, Clinton, Tennessee, for the appellant, Jerry Orlando Weaver.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Dave Clark, District Attorney General; and Sandra N.C. Donaghy, Assistant District Attorney General for the appellee, State of Tennessee.

**OPINION**

## I. Background and Facts

In our opinion on the Petitioner's first appeal, we recited the facts as follows:

In November 2007, an Anderson County grand jury indicted the defendant, Jerry Orlando Weaver, on three counts of possession of less than one-half gram of cocaine with intent to sell, Class C felonies. The state amended the first and second counts to facilitation of possession of less than one-half gram of cocaine with intent to sell or deliver.

At the January 2009 trial, an undercover officer testified that she participated in a joint operation between the Clinton Police Department and the Oak Ridge Police Department. During the operation, she purchased cocaine from the [Petitioner] on three occasions, and a hidden camera in her car recorded each transaction. On each occasion, the officer asked the defendant for $40 worth of cocaine. On the first two occasions, the [Petitioner], who identified himself as "Knot Knot," used the officer's money to buy two-tenths of a gram of crack cocaine from a third party, which he then gave to the officer. On the third occasion, the officer testified that she bought crack cocaine directly from the [Petitioner], but he did not identify himself.

An Oak Ridge police detective and a Clinton police detective both testified that they personally knew the [Petitioner] and that the defendant's street name was "Knot Knot." Both detectives reviewed the video tapes of the undercover officer's transactions and identified the defendant as the man from whom the undercover officer purchased crack cocaine. The Clinton police detective who supervised the joint operation testified that each transaction involved two-tenths of a gram of crack cocaine.

Following the close of proof, the jury convicted the defendant of two counts of facilitation of possession of less than one-half gram of cocaine for sale or delivery and acquitted him of one count of possession of less than one-half gram of cocaine. Following a sentencing hearing on May 4, 2009, the trial court found that the defendant had five Class B felonies, three Class C felonies, and one Class E felony on his record, that he was on probation for a Class A misdemeanor when he committed the charged offenses, and that he was a professional criminal. The trial court sentenced the defendant as a career offender to twelve years on each count, to be served consecutively in the Tennessee Department of Correction. The court entered the judgments in

this case on May 12, 2009. The defendant did not file a motion for new trial but filed a notice of appeal on August 21, 2009.

*Weaver*, 2010 WL 2490762, at *1. The Court held that the Defendant had waived his right to appeal and that the interest of justice did not require addressing the issues he presented on their merits. *Id.*

The Petitioner filed a petition for post-conviction relief, alleging that he had received the ineffective assistance of counsel. He based this, in part, on his attorney's ("Counsel") failure to timely file a notice of appeal. The post-conviction court appointed the Petitioner another attorney, who filed an amended petition on the Petitioner's behalf. The State responded to the petition, and the post-conviction court held a hearing, a transcript of which is not included in the record.

After the hearing, the post-conviction court filed an order that stated the following:

1. That upon stipulation of the parties, no Waiver of Appeal was timely filed and no appeal was timely filed and accordingly the parties have agreed and announced their agreement that Petitioner should have a delayed appeal, and

2. That all other issues raised in the original Petition or the Amended Petition for Post-Conviction Relief were waived by Petitioner prior to the hearing of this matter, with the exception of a particular argument of ineffective assistance of counsel related to whether Petitioner/Defendant was provided access to and information concerning the evidence provided by the State to defense counsel as part of pre-trial discovery.

3. That with respect to the argument of ineffective assistance of counsel as it relates to providing or communicating about pre-trial discovery, for the reasons announced in open Court, there is no clear and convincing proof that trial counsel's performance was deficient or prejudiced Petitioner's defense in any way.

It is from this judgment that the Petitioner appeals. As the State points out in their brief, the Petitioner is not contesting the post-conviction court's order but, rather, attempting to proceed with the delayed appeal granted to him by the post-conviction court.

## II. Analysis

On appeal, the Petitioner contends that the trial court erred when it ordered him to serve consecutive sentences because the trial court did not properly consider the statutorily

enumerated considerations. *See* T.C.A. § 40-35-115(b). The Petitioner "concedes that his sentence should have been consecutive to the sentence for assault that he was on probation for" but states that the trial court "should have ordered the two counts of facilitation of possession of [a] schedule II drug less than .05 grams for resale to be served concurrently." He states that his sentence of twenty-four years does not reasonably relate to the severity of his offenses. The Petitioner also contests the trial court's refusal to apply as a mitigating factor that no one was injured during the commission of the offense.

The State counters that the Petitioner has waived our review of this issue because the record does not contain a transcript of the sentencing hearing or the presentence report. Further, the State contends, the trial court properly ordered consecutive sentences based on the fact that the Petitioner was on probation at the time that he committed the offenses.

The Petitioner failed to include a transcript of the trial, sentencing hearing, or the post-conviction hearing in the record on appeal. It is the Petitioner's duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to the issues which form the basis of the appeal." Tenn. R. App. P. 24(b). However, this Court may take judicial notice of the direct appeal record. *See State ex rel. Wilkerson v. Bomar*, 376 S.W.2d 451, 453 (Tenn. 1964). Despite the Petitioner's error, we choose to take judicial notice of the direct appeal record for purposes of the current appeal.

The Tennessee Criminal Sentencing Reform Act of 1989 and its amendments describe the process for determining the appropriate length of a defendant's sentence. Under the Act, a trial court may impose a sentence within the applicable range as long as the imposed sentence is consistent with the Act's purposes and principles. T.C.A. § 40-35-210(c)(2), (d) (2010); *see State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008).

In *State v. Bise*, the Tennessee Supreme Court announced that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case." *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). To find an abuse of discretion, the record must be void of any substantial evidence that would support the trial court's decision. *Id.*; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980).

The "presumption of reasonableness" applied to sentences imposed by trial courts "'reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, both the sentencing judge and the Sentencing Commission will have

reached the same conclusion as to the proper sentence in the particular case.'" *Bise*, 380 S.W.3d at 703 (quoting *Rita v. United States*, 551 U.S. 338, 341 (2007) and discussing Federal sentencing guidelines). A presumption of reasonableness "simply recognizes the real-world circumstance that when the judge's discretionary decision accords with the [Sentencing] Commission's view of the appropriate application of [sentencing purposes] in the mine run of cases, it is probable that the sentence is reasonable." *Rita*, 551 U.S. at 350-51 (discussing Federal sentencing guidelines).

In conducting its review, this Court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. *See* T.C.A. §§ 40-35-102, -103, -210 (2010); *see also Bise*, 380 S.W.3d at 697-98. The burden is on the appellant to demonstrate the impropriety of his sentence. *See* T.C.A. § 40-35-401, *Sentencing Comm'n Cmts*.

Tennessee Code Annotated section 40-35-115(b) provides that a trial court may order sentences to run consecutively if it finds any one of the following criteria by a preponderance of the evidence:

> (1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;
>
> (2) The defendant is an offender whose record of criminal activity is extensive;
>
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
>
> (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
>
> (5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the

time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

T.C.A. § 40-35-115. These criteria are stated in the alternative; therefore, only one need exist to support the imposition of consecutive sentencing. *See id.; State v. Denise Dianne Brannigan*, No. E2011-00098-CCA-R3-CD, 2012 WL 2131111, at *19 (Tenn. Crim. App., at Knoxville, June 13, 2012), *no Tenn. R. App. P. 11 application filed*. The imposition of consecutive sentencing, however, is subject to the general sentencing principles that the overall sentence imposed "should be no greater than that deserved for the offense committed" and that it "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed [.]" T.C.A. § 40-35-103(2), (4).

In the case under submission, the sentencing hearing reflects that the Petitioner was on probation at the time that he committed these offenses. As stated above, the trial court need only find one criteria to impose consecutive sentences. The trial court did not abuse its discretion when it ordered consecutive sentencing based upon this criterion. We further conclude that the trial court did not err when it rejected the mitigating factor that no one was injured during the commission of this offense. Finally, although the Petitioner asserts in his brief that the trial court erred in sentencing him as a Career Offender he does not support this assertion with any argument or cite any authority in support of this assertion. Therefore, this issue is waived. T.R.A.P. 27(a)(7). The Petitioner is not entitled to relief on this issue.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we conclude that the Petitioner's delayed appeal lacks merit. Accordingly, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE