STATE OF TENNESSEE ex rel. CALVIN E. WILKERSON,
Plaintiff in Error,

*v.*

LYNN BOMAR, Warden, Tennessee State Penitentiary,
Defendant in Error.

376 S. W. 2d 451

(*Nashville,* December Term, 1963.)

Opinion filed March 5, 1964.

CALVIN E. WILKERSON, pro se.

GEORGE F. McCANLESS, Attorney General, EDGAR P.
CALHOUN, Assistant Attorney General, for defendant
in error.

Mr. Justice White delivered the opinion of the Court.

Calvin E. Wilkerson is confined in the State Penitentiary in Nashville, Tennessee upon conviction of robbery accomplished by the means of a dangerous weapon. He filed a petition herein for the writ of habeas corpus. The trial court dismissed the petition denying the relief sought. Wilkerson has appealed to this Court and has assigned several errors which are to the effect:

(1) That the trial court, upon his original trial in Knoxville, failed to appoint a court reporter and that the narrative bill of exceptions sent to this Court in the original appeal was not a true record of the trial;

(2) That the original trial court erred in refusing to grant a new trial upon the hearing of a petition for the writ of error coram nobis;

(3) That "the State Supreme Court erred by failing to grant petitioner a new trial by reason of his appeal";

(4) That this Court erred in failing to grant the petitioner a "new trial by reason of the writ of error coram nobis";

(5) That the trial court erred in admitting certain evidence at the trial; and

Finally, that the trial court in the instant appeal erred in stating that "under all the authorities if the facts

relied upon for his writ were put in issue upon the original trial, the writ will not lie".

A brief and argument has been filed in support of such assignments. The assignments will be disposed of collectively and not individually, but all of them will be fully considered.

The defendant, Lynn Bomar, Warden, Tennessee State Penitentiary, has filed a reply brief in which it is said that all matters now raised by the petitioner, plaintiff in error, have been disposed of by the Court in an opinion rendered by this Court in 1961.

In our opinion, written by Mr. Chief Justice Burnett, we said, in part:

"In the trial court he (Wilkerson) was represented by two very competent Knoxville lawyers, who were appointed to do this service by the trial judge. After the trial had ended and a conviction procured by the State, this appointed counsel prepared for Wilkerson a narrative bill of exceptions and perfected an appeal. After doing this, this appointed counsel for excellent reasons assigned in a letter to the trial judge withdrew from the case. When the record reached the Clerk's office of this Court, a member of the Court was informed of the fact that the trial counsel had withdrawn, and on this information the Court appointed the present counsel, the Honorable Ray L. Jenkins, to represent the plaintiff in error. This suit is an illustration of what the bar does in exercising all of its facilities, means, energy and knowledge in representing one when he is appointed by the Court to do so. It is remembered that counsel receives absolutely no compensation. From what is hereinafter to be related

it will be seen what the present counsel has done to try in every legitimate way to relieve this man from this conviction. This record likewise shows that the trial counsel did all that was possible for them to do.

"The assignments of error herein and brief filed on behalf of this man by Mr. Jenkins is one of the best prepared briefs and the most persuasive that the writer of this opinion has read. Frankly, reading this brief without reading the entire record one is almost persuaded on account of the logic, reason and sympathy for the man that is brought forth in the argument.

"The first assignment is that the trial court erred in failing to appoint a court reporter in the case. This assignment is fully answered by the opinion of this Court in *Beadle v. State*, 203 Tenn. 97, 310 S.W.2d 157, and no further comment is necessary to answer this assignment. From what has just been said, it is obvious that the bill of exceptions here is in the narrative form."

██ More recently, in the case of *Tucker v. State*, 210 Tenn. 646, 648-649, 361 S.W.2d 494, the Court said:

"██ This Court has long prior to the decision in the Griffin case [Illinois] (1956) [351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891] heard criminal appeals on narrative bill of exceptions; in fact as stated in *Beadle v. State*, 203 Tenn. 97, 310 S.W.2d 157, it is the preference of this Court to have such a bill of exceptions. Approximately twenty per cent of criminal appeals in this State are heard on narrative bill of exceptions, and this Court by the acceptance of this method has long afforded all defendants, indigent or not, a full and adequate appellate review. The Supreme Court of the

United States has approved a narrative bill of exceptions. *Miller v. United States,* 317 U.S. 192, 63 S.Ct. 187, 87 L.Ed 179.''

Therefore, assignment number one is overruled.

After the conviction in the Criminal Court at Knoxville, and before the appeal to this Court in 1961, the plaintiff in error here filed a petition in that court for a writ of error coram nobis, pursuant to T.C.A. sec. 40-3411, contending that his brother, Jack Wilkerson, committed the crime for which he, Calvin Wilkerson, had been convicted. The trial court in disposing of the writ of error coram nobis said:

''Moreover, the Court having seen both brothers, sees a vast difference in size, hair, and facial expression between this petitioner defendant Calvin and his brother Jack. Calvin is slight built, thin faced, and pale with sharp features and an extra high forehead with thin hair whereas Jack is well built, is full faced, with rounded features, with thick dark hair and ordinarily high forehead.''

In our original opinion in 1961 we approved the action of the trial court in dismissing the petition for the writ of error coram nobis. Therefore, this assignment is again overruled.

Assignments number three and four are overruled since they complain of the action of this Court in failing to grant to the plaintiff in error a new trial upon his original appeal here.

Assignment number five is overruled because the evidence in the case as set out in a narrative bill of excep-

tions has already received full consideration by this Court.

The narrative bill of exceptions was approved by counsel representing the petitioner herein and by the trial judge. It was relied upon in the appeal in this Court and no complaint was made that it was inadequate or inaccurate by the petitioner's then counsel, who had been appointed by this Court to represent him on appeal. Incidentally, said counsel is recognized as one of the outstanding, if not the outstanding, lawyer engaged in criminal work throughout the South.

The case of *Draper, et al. v. State of Washington,* 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899, decided March 18, 1963, relied upon by the petitioner herein, is not authority for his contention. In that case it was held that the Fourteenth Amendment does not require a state to purchase a stenographer's transcript in every case where an indigent accused cannot buy it; alternative methods of reporting trial proceedings, such as an agreed statement of facts, a full narrative statement based on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or a bystander's bill of exceptions, are permissible if they place before the appellate court an equivalent report of the events at the trial resulting in the conviction from which the accused seeks to appeal.

We are satisfied that the narrative bill of exceptions reflected properly the happenings in the trial court. Otherwise, petitioner's counsel there and the trial judge would not have approved it.

We do not think it necessary to write an extended opinion in disposing of this petition for writ of habeas

corpus. We refer to our opinion rendered on December 8, 1961, the original of which is, of course, a part of the official records of this Court.

■ This Court may, of course, take judicial notice of facts in an earlier proceeding of the same case and the final action of the court thereon. *Strader v. State*, 208 Tenn. 192, 344 S.W.2d 546, 87 A.L.R.2d 963 (1961); *Carmack v. Fidelity-Bankers Trust Co.*, 180 Tenn. 571, 177 S.W.2d 351 (1943).

Thus it is that all assignments of error are overruled and the action of the trial court in dismissing this petition is affirmed.

BURNETT, CHIEF JUSTICE, and FELTS, DYER and HOLMES, JUSTICES, concur.