# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 18, 2012

## STATE OF TENNESSEE v. RAMONE GHOLSTON

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 40500611      John H. Gasaway, III, Judge**

**No. M2011-01989-CCA-R3-CD - Filed June 14, 2012**

A Montgomery County Circuit Court Jury convicted the appellant, Ramone Gholston, of facilitation of first degree felony murder and facilitation of especially aggravated robbery. After a sentencing hearing, the trial court ordered him to serve an effective sentence of nineteen years in confinement. On appeal, the appellant contends that his sentence is excessive because the trial court misapplied enhancement factors. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Ramone Gholston.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Arthur Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The procedural history regarding this case is somewhat complex. The record reflects that the appellant was charged with first degree felony murder and especially aggravated robbery. In 2007, a jury convicted him of facilitation of first degree murder, a Class A felony, and facilitation of especially aggravated robbery, a Class B felony. After a sentencing hearing, the trial court ordered him to serve an effective sentence of twenty-one years in confinement. The appellant appealed to this court, arguing that his sentence for facilitation

of first degree murder was excessive. This court gave the following factual account of the case in its direct appeal opinion:

> On July 21, 2004, the Defendant and two co-defendants robbed the victim, Shane Crossley, at the victim's residence. The victim suffered from Huntington's corea, which rendered him particularly vulnerable. The victim was beaten by a co-defendant and bled to death as a result of his injuries. A jury convicted the Defendant of facilitation of first degree murder and facilitation of especially aggravated robbery.
>
> At the sentencing hearing, the trial court found that the Defendant was a Range I, standard offender. The trial court applied enhancement factor (1), a previous history of criminal convictions or criminal behavior, because the Defendant had prior convictions for failure to carry a driver's license and for disorderly conduct. See T.C.A. § 40-35-114(1) (2006). The trial court also applied enhancement factor (4), that the victim was particularly vulnerable because of age or physical or mental disability. See id. § 40-35-114(4).

State v. Romane Pierre Gholston, No. M2008-01283-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 7, at *2-3 (Nashville, Jan. 5, 2010). Because the appellant did not include the trial transcript in the appellate record, this court was unable to conduct a complete de novo review of his sentence. Id. at *6. Nevertheless, this court remanded the case to the trial court for resentencing because the record failed to demonstrate that the appellant properly waived his ex post facto protections and agreed to be sentenced under the 2005 Amendments to the Sentencing Act. Id. at *8. Thus, the trial court's application of enhancement factor (4) under the 1989 Sentencing Act was plain error pursuant to Blakely v. Washington, 542 U.S. 296 (2004). Id. at *9.

On remand, the appellant filed a written waiver of his ex post facto protections, properly allowing the trial court to resentence him under the 2005 Amendments to the Sentencing Act. The trial court again ordered that the appellant serve twenty-one years in confinement. The appellant filed a timely petition for post-conviction relief. The post-conviction court appointed counsel, and counsel amended the petition, claiming that the appellant received the ineffective assistance of trial counsel because counsel failed to explain properly the waiver of ex post facto protections. The post-conviction court granted the petition, finding that the appellant did not receive the ineffective assistance of counsel but concluding that the appellant did not understand the waiver. The post-conviction court

ordered a new sentencing hearing.

At the 2011 sentencing hearing, the appellant informed the trial court that he wanted to be sentenced under the 2005 Amendments to the Sentencing Act and filed a written waiver of his ex post facto protections. The then twenty-five-year-old appellant testified that he had been in prison for eight years and had tried to better himself by taking classes for anger management, stress management, and living skills. He said he was working to obtain his GED and regretted what he had done in the past. When the appellant was arrested for the crimes in this case, he had been working for a theater since he was fifteen years old. He said he wanted to get out of prison in order to help his family and be with his son. He also said he wanted to "go to schools and try to stop other kids [from] doing what I did when I was younger."

Thelma Rooks, the appellant's aunt, testified that the appellant was remorseful and that he told her he had been talking to God every day. She said that the appellant was a leader as a child and that "young kids used to flock to him." On cross-examination, Rooks testified that the appellant and his siblings were taken away from his mother when he was twelve or thirteen years old and that he was placed in Rooks' custody for about one year. She said that the appellant was a "good kid," that he always showed her "the utmost respect," and that he "just maybe fell into the . . . bad crowd later."

Tina Stroud, the appellant's fiancé, testified that she had known the appellant for about four years and met him through his mother. She said that the appellant had had time to reflect on his incarceration, that his being in a gang "kind of led to this," and that he would be going to Iowa if released so that he could speak to children in halfway houses. The appellant also was going to speak in prisons and receive therapy. She said that the appellant already had a job in Iowa and that "he's wanting to get away from the past life." On cross-examination, Stroud testified that the appellant currently was enrolled in a gang dissociation program.

The appellant made a statement on his own behalf, saying that he was remorseful. The State introduced the appellant's 2007 presentence report into evidence. According to the report, the appellant dropped out of high school in the eleventh grade. In the report, he described his physical and mental health as good, stating that he was not under a doctor's care and did not take medication. The appellant also stated that he began consuming alcohol when he was sixteen, began using marijuana when he was fifteen, and began using cocaine when he was sixteen. The report confirms that the appellant was convicted in 2004 of failing to exhibit a license on demand and disorderly conduct. The report also shows that at the time of the report, the appellant was awaiting trial on charges of aggravated burglary, aggravated robbery, and felony theft.

The trial court noted that the range of punishment for a Range I, standard offender was fifteen to twenty-five years for a Class A felony and eight to twelve years for a Class B felony. See Tenn. Code Ann. § 40-35-112(a)(1), (2). The trial court applied enhancement factor (2), that the "defendant was a leader in the commission of an offense involving two (2) or more criminal actors," and factor (5), that the "defendant treated, or allowed a victim to be treated, with exceptional cruelty during the commission of the offense." Tenn. Code Ann. § 40-35-114(2), (5). In mitigation, the trial court applied factor (6), that the "defendant, because of youth or old age, lacked substantial judgment in committing the offense," and factor (13) for his remorse and participation in prison programs. Tenn. Code Ann. § 40-35-113(6), (13). The trial court sentenced the appellant to nineteen years for the facilitation to commit first degree murder conviction and ten years for the facilitation of especially aggravated robbery conviction. The trial court ordered that the sentences be served concurrently.

## II. Analysis

The appellant contends that the trial court erred by applying the enhancement factors. Regarding factor (2), that the "defendant was a leader in the commission of an offense involving two (2) or more criminal actors," the appellant claims that he could not be considered a leader in the commission of the offense because the jury found him guilty of facilitation, meaning the jury found him vicariously responsible for another's actions but not a principal himself. Regarding factor (5), that the "defendant treated, or allowed a victim to be treated, with exceptional cruelty during the commission of the offense," the appellant again contends that the trial court should not have applied that factor because the jury's convicting him of facilitation meant the jury found that he did not personally participate in the crimes. In the alternative, he argues that the injuries sustained by the victim did not amount to exceptional cruelty. The State argues that the trial court properly sentenced the appellant. We agree with the State.

Appellate review of the length, range, or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code

Ann. § 40-35-401, Sentencing Comm'n Cmts. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

Regarding the appellant's claim that he could not be considered a leader in the commission of the offenses because the jury found him guilty of facilitation of the principle crime, this court has stated that "a defendant convicted of the facilitation of a crime may be considered a leader in the commission of the offense because the application of the factor does not require that the defendant be the sole leader, only that he be a leader." State v. Frank E. Huey, Nos. M2000-02793-CCA-R3-CD, M2000-02815-CCA-R3-CD, M2000-02833-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 313, at *26 (Nashville, Apr. 5, 2002). In State v. Carey Stanford Richmond, No. E2003-01316-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 443, at *9-10 (Knoxville, May 18, 2004), a panel of this court held that the trial court properly applied enhancement factor (2) when the evidence showed that the defendant, who was convicted of facilitation of robbery, agreed to sell drugs to the victim, made plans for the transaction to take place, and told her husband where the victim would be, knowing that he planned to rob the victim. In State v. Lawrence J. Brozik, No. M2009-01142-CCA-R3-CD, 2011 Tenn. Crim. App. LEXIS 39, at *30-31 (Nashville, Jan. 18, 2011), a panel of this court recently affirmed the trial court's application of factor (2) to the defendant's sentences for facilitation of especially aggravated sexual exploitation of a minor when the evidence showed that it was the defendant's idea to take photographs of the minor female victim performing sexual acts with a male and that the defendant took the photographs with his digital camera. Therefore, case law demonstrates that the facts of a case can support application of enhancement factor (2) when a jury convicts a defendant of the lesser-included offense of facilitation of the charged offense.

That said, little is known about the facts of this case because the appellant failed to include a trial transcript in the record on appeal. This court may take judicial notice of the direct appeal record. See State ex rel. Wilkerson v. Bomar, 376 S.W.2d 451, 453 (Tenn. 1964). However, the appellant also failed to include the trial transcript in the record for his first direct appeal. Gholston, No. M2008-01283-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 7, at *5. Without the facts of the case, we cannot determine whether the trial court properly applied enhancement factor (2).

Regarding enhancement factor (5), that the victim was treated with exceptional cruelty, as noted by the State, a trial court may apply that factor if the defendant allowed the victim to be treated with exceptional cruelty during the commission of the offense. The defendant does not have to treat the victim with exceptional cruelty personally. As to the appellant's claim that the facts of this case do not demonstrate exceptional cruelty, we again

conclude that we cannot determine whether the trial court properly applied enhancement factor (5) because the appellant's failure to include the trial transcript in the appellate record prevents us from conducting a complete de novo review. "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE