IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 10, 2015


**JASON LEE FISHER v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Marshall County**
**No. 2014-CR-6     Robert G. Crigler, Judge**

_____

**No. M2014-02327-CCA-R3-PC – Filed October 2, 2015**
_____

Jason Lee Fisher ("the Petitioner") was convicted of four counts of burglary, four counts of theft of property, and three counts of vandalism. The Petitioner filed a petition for post-conviction relief alleging, among other things, that he received ineffective assistance of counsel when trial counsel and co-counsel failed to file a motion to suppress evidence found during the inventory search of the Petitioner's vehicle. Following a hearing where only the Petitioner, trial counsel, and co-counsel testified, the post-conviction court found that the Petitioner failed to show that he was prejudiced by counsels' alleged deficiencies. On appeal, the Petitioner argues that the State failed to prove that impounding the Petitioner's car was necessary and, therefore, the inventory search was invalid. Accordingly, he contends that, had trial counsel and co-counsel filed a motion to suppress, it would have been successful, and all the evidence against the Petitioner would have been excluded. Upon review of the record and applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Andrew Love (on appeal), Nashville, Tennessee, and James R. Tucker (at hearing), Shelbyville, Tennessee, for the appellant, Jason Lee Fisher.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Robert Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

In September and October 2011, four burglaries occurred on Woodbridge Drive in Marshall County.[1]  On October 3, 2011, Detective Jimmy Oliver and Captain Bob Johnson of the Marshall County Sheriff's Department were leaving the home of one of the burglary victims when they observed the Petitioner driving a vehicle without tags. The officers stopped the vehicle and asked for the Petitioner's driver's license.  The Petitioner's driver's license had been suspended, so the officers arrested the Petitioner. While they were waiting for a tow truck and another police cruiser to transport the Petitioner, the officers performed an inventory search of the Petitioner's vehicle.  During that search, they found items in the trunk which were later identified by one of the burglary victims as having been stolen from her home.

This evidence caused the police to investigate the Petitioner as a suspect in the burglaries.  As part of their investigation, officers went to the Petitioner's mother's home, where the Petitioner had been staying and which was in the same neighborhood as the burglaries.  The Petitioner's mother gave her consent for the police to search her house, and during that search, police found items from all four of the burglaries.

The Petitioner was charged with four counts of aggravated burglary, three counts of theft of property valued at $1,000 or more but less than $10,000, one count of theft of property valued at more than $500 but less than $1,000, and three counts of vandalism valued at $500 or less.  Following a trial, the jury convicted the Petitioner as charged. This court affirmed his convictions on direct appeal.  State v. Jason Lee Fisher, No. M2013-00220-CCA-R3-CD, 2013 WL 582652, at *11 (Tenn. Crim. App. Oct. 29, 2013), no perm. app. filed.

The Petitioner subsequently filed a Petition for Post-Conviction Relief alleging that he received ineffective assistance of counsel because trial counsel and co-counsel failed "to competently argue to suppress evidence" found during the search of his car.[2]

---

[1] To assist in the resolution of this proceeding, we take judicial notice of the record from the Petitioner's direct appeal.  See Tenn. R. App. P. 13(c); State v. Lawson, 291 S.W.3d 864, 869 (Tenn. 2009); State ex rel Wilkerson v. Bomar, 376 S.W.2d 451, 453 (Tenn. 1964).

[2] In his petition for post-conviction relief, the Petitioner also alleged that the search of his vehicle was not a valid search incident to arrest and that he received ineffective assistance of counsel when trial counsel and co-counsel did not file a motion to suppress the evidence found in the Petitioner's mother's house.  However, the only issue raised on appeal is whether trial counsel and co-counsel were ineffective

No amended petition was filed. At the post-conviction hearing, the Petitioner testified that he spoke with both trial counsel and co-counsel seven or eight times before trial. He stated that he did not feel good about their representation. The Petitioner explained that he had concerns about the search of his car because he never gave consent for Detective Oliver and Captain Johnson to search the trunk of the car. However, he never expressed those concerns to trial counsel or co-counsel because he "didn't know much about the law at the time or think even to question them . . . ." On cross-examination, the Petitioner said he was standing outside of his car when the officers searched the trunk and that he was not given an option to leave. The Petitioner agreed that, at the time, he was under arrest. The Petitioner said he was not present when his car was towed. The Petitioner explained that he was concerned about the search because "[he] believe[d] they had no reason to go in the trunk. [He] was arrested for driving on suspended, not anything to do with the trunk of the vehicle."

Trial counsel testified that he discussed the search of the car with the Petitioner. Trial counsel acknowledged that the Petitioner was not pulled over in connection with the burglaries and that he was not a suspect in the burglary investigation until officers searched his car. However, trial counsel did not file a motion to suppress the evidence found in the car. Trial counsel explained that the police arrested the Petitioner for driving on a suspended license and that there was no passenger in the Petitioner's car that could drive the car from the scene. Based on these facts, trial counsel concluded that the officers performed a valid inventory search before they towed the car. On cross-examination, trial counsel also stated that he did not know of any way that he could have suppressed the evidence. On re-direct examination, trial counsel said he did not know of any law that would prevent officers from searching a locked trunk during an inventory search. Trial counsel also stated that he did not know whether it was common practice for the police to offer an arrestee the opportunity to make arrangements for someone to pick up their vehicle before the police performed an inventory search and towed the vehicle.

Co-counsel testified that he spoke with the Petitioner about the stop of his vehicle and the search of his vehicle. Co-counsel explained that "[t]here was no non-frivolous way to try to suppress the stop." Co-counsel stated that the officers conducted an inventory search, but he did not recall seeing the inventory sheet. However, even without seeing the inventory sheet, co-counsel concluded based on the preliminary hearing testimony and his conversations with Detective Oliver that the police had conducted an inventory search.

---

for failing to file a motion to suppress the evidence found during the inventory search of the Petitioner's car. We will review only the facts relevant to the issue presented on appeal. See Tenn. R. App. P. 13(b).

At the conclusion of the hearing, the Petitioner argued that the search of his vehicle was not a valid inventory search. The State argued that the Petitioner had not presented any proof to show that the inventory search was invalid. The post-conviction court noted that, had a motion to suppress been filed prior to trial, the State would have had to prove that the search of the vehicle fell within a valid exception to the warrant requirement. However, because this issue arose during post-conviction proceedings, the burden of proof "flip[ped]" to the Petitioner to show that the search was invalid.

In a written order, the post-conviction court accredited the testimony of trial counsel and co-counsel. Regarding the search of the vehicle, the post-conviction court found that the Petitioner had failed to show that there was a reasonable probability that a motion to suppress would have been granted. The post-conviction court noted that neither side presented proof as to the road conditions or whether the Petitioner knew of anyone who could readily move his vehicle to avoid towing. Accordingly, the post-conviction court denied relief, concluding that the Petitioner had failed to show that the search was not a valid inventory search and "it would be sheer speculation to find that there is a reasonable probability that a motion to suppress the search of the trunk would have prevailed." This timely appeal followed.

## Analysis

On appeal, the Petitioner argues trial counsel and co-counsel were deficient when they failed to file a motion to suppress the evidence found during the inventory search of the Petitioner's vehicle. He contends that he was prejudiced by trial counsels' deficiency because, had a motion to suppress been successful, the evidence found during *and* subsequent to the inventory search of his trunk would have been excluded as fruit of the poisonous tree, leaving no evidence to support his convictions.

### A. Standard of Review

In order to prevail on a petition for post-conviction relief, a petitioner must prove all factual allegations by clear and convincing evidence. Jaco v. State, 120 S.W.3d 828, 830 (Tenn. 2003). Post-conviction relief cases often present mixed questions of law and fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). As such, we review a trial court's findings of fact under a *de novo* standard with a presumption that those findings are correct unless otherwise proven by a preponderance of the evidence. Id. (citing Tenn. R. App. P. 13(d); Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997)). The trial court's conclusions of law are reviewed "under a purely *de novo* standard, with no presumption of correctness . . . ." Id.

When reviewing the trial court's findings of fact, this court does not reweigh the evidence or "substitute [its] own inferences for those drawn by the trial court." Id. at

456. Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge." Id. (citing Henley, 960 S.W.2d at 579).

## B. Ineffective Assistance of Counsel

The right to effective assistance of counsel is safeguarded by the Constitutions of both the United States and the State of Tennessee. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. In order to receive post-conviction relief for ineffective assistance of counsel, a petitioner must prove two factors: (1) that counsel's performance was deficient; and (2) that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (stating that the same standard for ineffective assistance of counsel applies in both federal and Tennessee cases). Both factors must be proven in order for the court to grant post-conviction relief. Strickland, 466 U.S. at 687; Henley, 960 S.W.2d at 580; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). Accordingly, if we determine that either factor is not satisfied, there is no need to consider the other factor. Finch v. State, 226 S.W.3d 307, 316 (Tenn. 2007) (citing Carpenter v. State, 126 S.W.3d 879, 886 (Tenn. 2004)). Additionally, review of counsel's performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see also Henley, 960 S.W.2d at 579. We will not second-guess a reasonable trial strategy, and we will not grant relief based on a sound, yet ultimately unsuccessful, tactical decision. Granderson v. State, 197 S.W.3d 782, 790 (Tenn. Crim. App. 2006).

As to the first prong of the Strickland analysis, "counsel's performance is effective if the advice given or the services rendered are within the range of competence demanded of attorneys in criminal cases." Henley, 960 S.W.2d at 579 (citing Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)); see also Goad, 938 S.W.2d at 369. In order to prove that counsel was deficient, the petitioner must demonstrate "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688); see also Baxter, 523 S.W.2d at 936.

Even if counsel's performance is deficient, the deficiency must have resulted in prejudice to the defense. Goad, 938 S.W.2d at 370. Therefore, under the second prong of the Strickland analysis, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694) (internal quotation marks omitted).

## C. Motion to Suppress

In his appellate brief, the Petitioner argues that trial counsel and co-counsel should have filed a motion to suppress the evidence found in the trunk of his car because the search was not a valid inventory search. He claims that Detective Oliver and Captain Johnson were required to advise the Petitioner that his car would be impounded unless he could provide a reasonable alternative to having the car towed. Because the officers did not give the Petitioner an opportunity to hire his own tow truck or to call his mother to request she come get the car and there was no proof that the car could not be safely parked on the side of the road, the Petitioner avers that the search did not fall within the inventory search exception to the warrant requirement. The Petitioner further contends that the State bears the burden of proving that the impoundment of his vehicle was necessary in order to justify an inventory search.

Both the United States and Tennessee Constitutions protect individuals from unreasonable searches and seizures. U.S. Const. amend. IV; Tenn. Const. Art. I, § 7. "[A] warrantless search or seizure is presumed unreasonable, and evidence discovered as a result thereof is subject to suppression unless the State demonstrates that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement." State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997) (citing Coolidge v. New Hampshire, 403 U.S. 443, 454-55 (1971)). However, when the police impound a vehicle, a routine inventory search is permissible because it protects the owner's property while it is in police custody, protects the police against claims of stolen property, and protects police from potential danger. Drinkard v. State, 584 S.W.2d 650, 652-53 (Tenn. 1979). Further, it is well-settled law that officers may search the trunk of a vehicle and inventory its contents during an inventory search. State v. Roberge, 642 S.W.2d 716, 720 (Tenn. 1982); Capps v. State, 505 S.W.2d 727, 729 (Tenn. 1974).

However, inventory searches may not be appropriate in all cases. In Drinkard, our supreme court set forth guidelines to determine the validity of an inventory search of a vehicle:

> [I]f the circumstances that bring the automobile to the attention of the police in the first place are such that the driver, even though arrested, is able to make his or her own arrangements for the custody of the vehicle, or if the vehicle can be parked and locked without obstructing traffic or endangering the public, the police should permit the action to be taken rather than impound the car against the will of the driver and then search it. Just cause to arrest the driver is not, alone, enough; there must also be reasonable cause to take his vehicle into custody.

Drinkard, 584 S.W.2d at 653. In other words, the State must show that impounding the vehicle was necessary. State v. John Beasley Seay, No. M2011-02769-CCA-R3-CD, 2013 WL 3777169, at *6 (Tenn. Crim. App. Jul. 16, 2013). In Drinkard, our supreme court held that impounding the vehicle was not necessary because the defendant had a passenger in the car when he was arrested and the passenger reasonably could have driven the car away. Drinkard, 584 S.W.2d at 653-54.

Before performing an inventory search, the officer should advise the defendant that the car will be towed unless the defendant can provide a reasonable alternative. State v. Lunsford, 655 S.W.2d 921, 924 (Tenn. 1983). However, there is no "mandate" that a defendant "must be advised of all available options to impoundment[.]" Id. Further, this court has held that "[w]here there are no reasonable alternatives for the disposition of the car, the appropriate action is to impound the vehicle, despite the officer's failure to ask the defendant if he had an alternative to towing the vehicle." State v. Jeffrey L. Hammons, No. M1999-00756-CCA-R3-CD, 2000 WL 924633, at *3 (Tenn. Crim. App. Jun. 30, 2000), perm app. denied (Tenn. Feb. 20, 2001).

In this case, had trial counsel filed a motion to suppress the evidence found in the Petitioner's vehicle, the burden would have been upon the State to show that the inventory search complied with the guidelines set out in Drinkard. Lunsford, 655 S.W.2d at 924. However, at a hearing on a post-conviction claim of ineffective assistance of counsel, the Petitioner bears the burden of proving that he was prejudiced by trial counsel's alleged deficiency. Keven Scott v. State, No. W2010-02515-CCA-R3-PC, 2011 WL 5903933, at *10 (Tenn. Crim. App. Nov. 22, 2011), perm. app. denied (Tenn. Apr. 12, 2012). This court has previously addressed the evidence necessary at a post-conviction hearing in order to demonstrate that trial counsel's failure to file a motion to suppress prejudiced the petitioner:

> It is well settled that when a [p]etitioner in post-conviction proceedings asserts that counsel rendered ineffective assistance of counsel by failing to call certain witnesses to testify, or by failing to interview certain witnesses, these witnesses should be called to testify at the post-conviction hearing; otherwise, Petitioner asks the [c]ourt to grant relief based upon mere speculation. Black v. State, 794 S.W.2d 752, 757 (Tenn. 1990). The same standard applies when a [p]etitioner argues that trial counsel was constitutionally ineffective by failing to file pre-trial motions to suppress evidence. In order to show prejudice, Petitioner must show by clear and convincing evidence that (1) a motion to suppress would have been granted and (2) there was a reasonable probability that the proceedings would have concluded differently if counsel had performed as suggested. Vaughn v. State, 202 S.W.3d 106, 120 (Tenn. 2006) (citing Strickland, 466 U.S. at

687, 104 S. Ct. at 2064-65). In essence, the petitioner should incorporate a motion to suppress within the proof presented at the post-conviction hearing. On issues such as the ones in the case *sub judice,* it is likely a rare occasion indeed when the testimony of only the Petitioner and the trial counsel could provide proof of the merit of a suppression motion based upon a warrantless search. If trial counsel had filed the motions to suppress evidence that Petitioner claims should have been filed, there is no evidence in the record to justify granting the motions.

Terrance Cecil v. State, No. M2009-00671-CCA-R3-PC, 2011 WL 4012436, at *8 (Tenn. Crim. App. Sept. 12, 2011), no perm. app. filed.

Similarly, in this case the Petitioner failed to present sufficient proof to show that a motion to suppress would have been granted. It appears that the police called a tow truck before the Petitioner was escorted from the scene, but there is no indication whether the officers told the Petitioner that his car would be towed unless he could provide a reasonable alternative, whether the Petitioner could have provided a reasonable alternative to towing, or whether the car could have been safely be parked nearby. Because the search was not at issue at trial or on direct appeal, there is nothing in the direct appeal record to show that impounding the Petitioner's car was inappropriate under the Drinkard guidelines. Therefore, "it was incumbent on the Petitioner to establish an adequate record at his post-conviction hearing upon which this [c]ourt could determine the likelihood of success of a motion to suppress." Keven Scott, 2011 WL 5903933, at *10. The testimony of only the Petitioner and his trial counsels was insufficient to provide such foundation for review. Instead, the Petitioner needed other witnesses, such as Detective Oliver and Captain Johnson, to establish the factual circumstances of the Petitioner's arrest and the inventory search of his vehicle. See id. Without such evidence, the Petitioner cannot establish that a motion to suppress would have been successful. Accordingly, the Petitioner failed to prove that he was prejudiced by trial counsels' failure to file a motion to suppress the evidence found in his vehicle. Having determined that the Petitioner failed to establish prejudice, we need not address the question of whether trial counsel and co-counsel were deficient in failing to file a motion to suppress. See Finch, 226 S.W.3d at 316. The Petitioner is not entitled to relief.

## Conclusion

For the aforementioned reasons, we affirm the judgment of the post-conviction court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 8 -