# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 21, 2015


## STATE OF TENNESSEE v. CUMECUS R. CATES


### Appeal from the Criminal Court for Knox County
### No. 68311, 68827    Bobby R. McGee, Judge

_____


### No. E2015-00035-CCA-R3-CD – Filed December 30, 2015

_____


Cumecus R. Cates ("the Defendant") entered a global plea agreement to two Class B felony drug offenses and two Class C felony drug offenses and was sentenced to eight years for each Class B felony drug offense and three years for each Class C felony drug offense. Pursuant to the agreement, the three-year sentence in case number 68311 was aligned concurrently with the eight-year sentence in case number 68366, the three-year sentence in case number 68367 was aligned concurrently with the eight-year sentence in case number 68827, and the two eight-year sentences were aligned consecutively for an effective sentence of sixteen years. Thereafter, the Defendant filed a Rule 36.1 motion claiming that the concurrent alignment of one of his three-year sentences with one of his eight-year sentences was illegal because he was released on bail for the other felonies when he committed the second Class B felony. At the motion hearing, the State conceded a mandatory consecutive sentence was illegally aligned concurrently and that the Defendant was sentenced pursuant to a plea agreement. On motion of the State, the trial court vacated the judgments for the two Class C felonies. The trial court then determined that the illegal provisions of the now-vacated judgments were not material components of the plea because the Defendant's effective sentence of sixteen years remained after the convictions for the illegal sentences were vacated. Upon review, we reverse the trial court's order vacating the Defendant's judgments of conviction and remand the case for reinstatement of the judgments of conviction and for further proceedings consistent with this opinion.

### Tenn. R. App. P.3 Appeal as of Right; Judgments of the Criminal Court Reversed, and Remanded

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Cumecus R. Cates.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; Charme Allen, District Attorney General; and Leslie Nassios, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Background[1]

On September 28, 2000, the Defendant entered a global plea to four felonies. The following chart summarizes the dates upon which the Defendant committed each offense and was released on bail,[2] as well as the sentences imposed for the offenses pursuant to the Defendant's global plea agreement:

| Case number | Felony class | Offense date | Bail release date | Sentence |
|---|---|---|---|---|
| 68311 | B | 7/27/1998 | 8/3/1998 | 8 yrs. |
| 68366 | C | 7/21/1998 | 10/21/1998 | 3 yrs. concurrent with 68311 |
| 68367 | C | 8/11/1998 | 10/21/1998 | 3 yrs. concurrent with 68827 |
| 68827 | B | 6/25/1999 | | 8 yrs. consecutive to 68311 |

On October 20, 2013, the Defendant filed a motion to correct an illegal sentence pursuant to Rule 36.1, claiming that "[t]he trial court sentenced him to [c]oncurrent sentencing for the offenses that occurred while he was on [b]ond, when this was not allowed by statute." The trial court summarily dismissed the motion. On appeal, this court determined that the motion presented a colorable claim, reversed the trial court's summary dismissal, and remanded the case to the trial court for further proceedings. Cumecus R. Cates v. State, No. E2014-00011-CCA-R3-CD, 2014 WL 4104556, at *2 (Tenn. Crim. App. Aug. 20, 2014).

---

[1] To assist in the resolution of this proceeding, we take judicial notice of the record from the Defendant's appeal of the summary dismissal of his Rule 36.1 motion. See Tenn. R. App. P. 13(c); State v. Lawson, 291 S.W.3d 864, 869 (Tenn. 2009); State ex rel Wilkerson v. Bomar, 376 S.W.2d 451, 453 (Tenn. 1964).

[2] All information in the chart comes from the Defendant's judgments of conviction, except the bail release dates, which were obtained from the Defendant's Amended Motion to Correct an Illegal Sentence and Withdraw the Guilty Pleas.

On remand, the Defendant was appointed counsel, who filed an Amended Motion to Correct an Illegal Sentence and Withdraw the Guilty Pleas ("Amended Rule 36.1 Motion"). As explained by the Defendant in his Amended Rule 36.1 Motion, the sentence in case number 68827 was required to run consecutively to the sentences in all of the other case numbers—resulting in an effective nineteen-year sentence—because the Defendant was released on bail for the other offenses when he committed the offense in case number 68827. Consequently, the concurrent alignment of the sentences in case numbers 68367 and 68827 was illegal.[3] Additionally, the Defendant asserted that he bargained for an effective sixteen-year sentence, and as such, the concurrent alignment of his sentences in case numbers 68667 and 68827 was a material component of the plea.

Following remand, the trial court held a hearing on the motion. No proof was presented. Instead, the State announced that it had reviewed the files and that it agreed with the Defendant's assertion that the concurrent alignment of the sentences in case numbers 68366 and 68367 was illegal. The State orally moved to vacate the judgments of conviction for the two Class C felonies in case numbers 68366 and 68367 and leave intact the two Class B felony convictions in case number 68311 and 68827. The Defendant objected, arguing that once the trial court determines that the sentence is illegal, then the court should determine if the illegal concurrent sentence was a material component of the plea and, if so, provide the Defendant an opportunity to withdraw his plea for all four cases. The State responded that the Defendant suffered no prejudice from the State's proposed remedy because the Defendant was getting what he bargained for, an effective sixteen-year sentence.

The trial court granted the State's motion, stating:

> The Court also concurs that the judgments as entered, at least partly, were illegal. And so the Court does grant the [D]efendant's motion to set aside his plea and vacate the judgments in cases 68366 and 68367. The Court does deny the [D]efendant's motion with respect to cases 68311 and 68827.

The trial court also noted that it was the Defendant's intention to plead guilty and receive a sentence of sixteen years and that after the judgments of conviction in the two Class C felonies were vacated, the Defendant received exactly what he bargained for, a total effective sentence of sixteen years. Consequently, the trial court found that the illegal

---

[3] The Defendant relies on Tennessee Code Annotated section 40-20-111(b), which provides that if a defendant commits a felony while released on bail and is convicted of both offenses, the trial judge has no discretion as to whether the sentences shall run concurrently or cumulatively but must order that the sentences run cumulatively. Tenn. Code Ann. § 40-20-111(b) (1990) (employing the term "cumulatively" rather than the term "consecutively").

concurrent alignment of the sentences in case numbers 68667 and 68827 was not material "to his decision to plead guilty and receive a [sixteen]-year sentence." This timely appeal followed.

<h2 style="text-align:center;">Analysis</h2>

On appeal, the Defendant asserts that the trial court erred because it did not strictly follow the procedure set out in Tennessee Rule of Criminal Procedure 36.1 after it determined that the Defendant's sentence contained an illegality. The Defendant argues that the trial court was required to determine first whether the illegal provision was a material component of the plea agreement, and then, if it was material, offer the Defendant the option of either withdrawing the entire plea agreement or accepting the entire plea agreement with the necessary corrections to the judgments. In short, the Defendant avers that the remedy applied by the trial court in this case "is not the method contemplated by Rule 36.1." The State argues that the Defendant bargained for an effective sixteen-year sentence and that, because "the illegal provision had nothing to do with the alignment of the two cases that created the sixteen-year sentence, the illegal provision was not a material component of the plea agreement."

Rule 36.1 of the Tennessee Rules of Criminal Procedure states:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. *If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant.* If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1 (emphasis added).

On December 2, 2015, our supreme court issued two opinions concerning Rule 36.1. In State v. Brown, ___ S.W.3d. ___, No. E2014-00673-SC-R11-CD (Tenn. 2015), the court held "that Rule 36.1 does not expand the scope of relief available for illegal sentence claims and therefore does not authorize the correction of expired illegal sentences." Brown, slip op. at 12. The court then stated that "a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." Id. In State v. Wooden, ___ S.W.3d. ___, No. E2014-01069-SC-R11-CD (Tenn. 2015), the court provided definitions for the Rule 36.1 terms "colorable claim" and "illegal sentence." Wooden, slip op. at 9, 11. For the purposes of Rule 36.1, "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Id. at 9. An illegal sentence is a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute" and includes "sentences that are ordered to be served concurrently where statutorily required to be served consecutively." Id. at 12.

Based on the definitions in Wooden, the Defendant's motion presented a colorable claim that the Defendant received an illegal sentence. However, there is nothing in the record to indicate whether any of the Defendant's sentences are expired. Further, the

- 5 -

remedy crafted by the trial court was not consistent with the procedure dictated by Rule 36.1. Once the trial court determined there was a colorable claim, the trial court needed to hold a hearing to determine if the illegality was a material component of the Defendant's plea agreement *before* crafting a remedy. Therefore, we conclude it is necessary to reverse the judgment of the trial court and remand for further proceedings.

On remand, the trial court should first determine if the Defendant's sixteen-year sentence has expired. If the sixteen-year sentence has expired, the trial court should summarily dismiss the Rule 36.1 motion. If the sentence has not expired, the trial court should then determine if the illegal concurrent three-year sentence in case number 68367 has expired. In Brown, our supreme court held "that Rule 36.1 does not expand the scope of relief and does not authorize the correction of expired illegal sentences." Brown, slip op. at 12. Rule 36.1 differs from habeas corpus by providing a "mechanism" that allows the State as well as a defendant to seek correction of an illegal sentence and allows filing of the motion in the county where the judgment of conviction was entered. Brown, slip op. at 10. However, as our supreme court stated, "Despite these differences, Rule 36.1 is *identical* to habeas corpus in other respects." Id. (emphasis added). If identical, then Rule 36.1 also requires a restraint on a person's liberty before relief can be granted. If the sentence in case number 68367 has expired, then the Defendant is not restrained of his liberty as a result of an illegal sentence and is not entitled to relief even if one of the two eight-year consecutive sentences comprising the sixteen-year sentence has not expired. Id. at 12; see also Derrick Sawyers v. State, No. M2007-01598-CCA-R3-HC, 2008 WL 2901628, at *5 (Tenn. Crim. App. Jul. 24, 2008), perm. app. denied (Tenn. Jan. 20, 2009) (holding that the defendant was not entitled to habeas corpus relief from an illegal sentence when the promise of concurrence was honored by the Department of Correction, the illegal concurrent sentence had expired, and the Defendant was no longer restrained of his liberty as a result of the illegal concurrent sentence even though the effective sentence had not expired). If the illegal concurrent sentence in case number 68367 has expired, the trial court should summarily dismiss the Rule 36.1 motion.

If the trial court determines that the illegal concurrent sentence in case number 68367 has not expired, the trial court should determine if the illegal concurrent sentence was a material component of the plea agreement. If the illegal concurrent sentence was material, the trial court "shall give the defendant an opportunity to withdraw his or her plea." However, based on Brown, we determine that even if an illegal concurrent sentence was a material component of a plea, the only convictions that can be affected by the withdrawal of the guilty plea are convictions for which the sentence has not expired. See Brown, slip op. at 12.

## Conclusion

For the aforementioned reasons, the order of the trial court vacating the Defendant's two convictions is reversed, and the case is remanded for proceedings consistent with this opinion.

_____
ROBERT L. HOLLOWAY, JR., JUDGE