IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs April 19, 2017

**FRED CHAD CLARK, II v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2007-C-2067     Mark J. Fishburn, Judge**

_____

**No. M2016-00484-CCA-R3-PC**

_____

The pro se Petitioner, Fred Chad Clark, II, appeals the Davidson County Criminal Court's summary dismissal of his petition for post-conviction relief. The Petitioner contends that the post-conviction court erred in dismissing his petition as untimely, and the State concedes the issue. Upon review, we reverse the judgment of the post-conviction court and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Fred Chad Clark, II, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Glenn Funk, District Attorney General; and Janice Norman, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On November 19, 2009, the Petitioner was convicted of two counts of aggravated sexual battery and seven counts of rape of a child. On September 6, 2012, this court affirmed five of the Petitioner's convictions on direct appeal but reversed four of his convictions due to errors in the State's election of offenses. See State v. Fred Chad Clark, No. M2010-00570-CCA-R3-CD, 2012 WL 3861242 (Tenn. Crim. App. Sept. 6, 2012), perm. app. granted (Tenn. Feb. 13, 2013). The Tennessee Supreme Court granted the Petitioner's Rule 11 application for permission to appeal and subsequently affirmed

this court's decision on November 10, 2014. See State v. Clark, 452 S.W.3d 268 (Tenn. 2014). On November 19, 2014, the Petitioner filed a motion to rehear regarding the Tennessee Supreme Court's opinion.[1] The Tennessee Supreme Court denied the petition for rehearing on December 4, 2014, and the mandate was filed on December 19, 2014.

The Petitioner filed his pro se petition for post-conviction relief on December 4, 2015, alleging ineffective assistance of counsel and prosecutorial misconduct. On December 8, 2015, the post-conviction court entered an order appointing counsel and set the matter for a hearing.[2] However, on March 3, 2016, the post-conviction court entered an order sua sponte dismissing the Petitioner's post-conviction petition. The post-conviction court noted that, "[a]fter a preliminary examination of this filing, this court appointed an attorney to represent the Petitioner in what appeared to be a timely claim," but that, "[s]ubsequently, it was brought to the court's attention that the petition actually may not have been timely filed." The post-conviction court held that the statute of limitations began to run on November 10, 2014, when the Tennessee Supreme Court released its opinion and not on December 4, 2014, when the Tennessee Supreme Court denied the Petitioner's petition for rehearing. Relying on Antonio Bonds v. State, No. W2003-00260-CCA-R3-PC, 2003 WL 22718186 (Tenn. Crim. App. Nov. 14, 2003), the post-conviction court dismissed the petition as time-barred. The pro se Petitioner then filed a timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner contends that the post-conviction court erred when it summarily dismissed his petition as time-barred. Specifically, he argues that the trial court erred by concluding that the statute of limitations began to run when the Tennessee Supreme Court issued its opinion rather than when his petition to rehear the opinion was denied. The State concedes the issue and asserts that the post-conviction court's ruling should be reversed and the matter remanded for a hearing on the Petitioner's post-conviction claims. We agree.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A person in custody under a sentence of a court of this state must petition for post-conviction relief

---

[1] To assist in the resolution of this case, we take judicial notice of the record from the Petitioner's direct appeal. See Tenn. R. App. P. 13(c); State v. Lawson, 291 S.W.3d 864, 869 (Tenn. 2009); Delbridge v. State, 742 S.W.2d 266, 267 (Tenn. 1987); State ex rel. Wilkerson v. Bomar, 376 S.W.2d 451, 453 (Tenn. 1964).
[2] The Petitioner's counsel was later permitted to withdraw, and the Petitioner chose to proceed pro se in the instant appeal.

within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final.  Id. § 40-30-102(a).  "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity."  Id.  Moreover, "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise."  Id.  If it plainly appears on the face of the post-conviction petition that the petition was filed outside the one-year statute of limitations or that a prior petition attacking the conviction was resolved on the merits, the post-conviction court must summarily dismiss the petition.  Id. § 40-30-106(b).  "If, on reviewing the petition, the response, files, and records, the court determines conclusively that the petitioner is entitled to no relief, the court shall dismiss the petition."  Id. § 40-30-109(a).

Tennessee Code Annotated section 40-30-102(b) provides three exceptions to the statute of limitations for petitions for post-conviction relief: (1) claims based on a final ruling of an appellate court establishing a constitutional right not recognized as existing at the time of trial and given retroactive effect by the appellate courts; (2) claims based upon new scientific evidence establishing that the petitioner is actually innocent of the conviction offense; and (3) claims seeking relief from a sentence that was enhanced because of a previous conviction and the previous conviction was later held to be invalid.  Id. §§ 40-30-102(b)(1)-(3).  In addition to the statutory exceptions, due process may require tolling the statute of limitations in certain circumstances.  See Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013); see also Burford v. State, 845 S.W.2d 204, 108 (Tenn. 1992) ("[D]ue process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.") (citing Long v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982)).

Here, the issue presented is whether the one-year statute of limitations for filing the Petitioner's post-conviction petition began to run when the Tennessee Supreme Court issued its opinion on November 10, 2014, or when the Tennessee Supreme Court denied the Petitioner's petition to rehear its opinion on December 4, 2014.  In other words, we must determine which action qualifies as "the final action" of the Tennessee Supreme Court for purposes of determining the one-year statute of limitations.

The post-conviction court relied on this court's opinion in Antonio Bonds which held that, "for purposes of the one-year statute of limitations in post-conviction cases, the final action of the Tennessee Supreme Court is the date of its denial of an application for permission to appeal, not the date it denied the petition to rehear."  2003 WL 22718186, at *2.  In Antonio Bonds, like the instant case, the petitioner contended that the Tennessee Supreme Court's denial of his petition to rehear should trigger the post-

conviction statute of limitations. However, unlike the instant case, in Antonio Bonds the rehearing was regarding the Tennessee Supreme Court's denial of his application for permission to appeal. Id. at *1-2. As the Antonio Bonds court noted, Rule 39 of the Tennessee Rules of Appellate Procedure, "provides no substantial justification for filing a petition to rehear the denial of an application for permission to appeal." Id. at *2. Instead, "[t]he listed bases for relief on a petition to rehear all relate to the court's 'opinion.'" Id. Additionally, "[t]he [Tennessee] Supreme Court generally disfavors petitions to rehear following denials of applications for permission to appeal." Tenn. R. App. P. 39 (1993 Advisory Comm'n Cmt.). Here, the Tennessee Supreme Court granted the Petitioner's application for permission to appeal and, as a result, issued a published opinion on the merits. Accordingly, the Petitioner's petition to rehear was based on the Tennessee Supreme Court's opinion, not on a denial of an application for permission to appeal, and he was permitted to request the rehearing as a "final action" in his case.

The Antonio Bonds court also relied on Sidney McGlowan v. State which held that "the final action of the supreme court is on the date of the filing of either their opinion or their denial of the application for permission to appeal." No. W2000-01925-CCA-R3-PC, 2001 WL 1584130, at *3 (Tenn. Crim. App. Nov. 29, 2001). However, Sidney McGlowan, Antonio Bonds, and the cases they rely on do not contemplate a scenario in which a petition to rehear is filed following the issuance of an opinion on the merits because, in these cases, the petitioners' applications for permission to appeal were either denied or not filed. See Antonio Bonds, 2003 WL 22718186, at *1 (application for permission to appeal denied); see also Sidney McGlowan, 2001 WL 1584130, at *1 (no application for permission to appeal filed); see also John Haws Burrell v. State, No. E1999-02762-CCA-R3-PC, 2001 WL 15792 (Tenn. Crim. App. Jan. 8, 2001) (cited by Sidney McGlowan; no application for permission to appeal filed); see also Monroe Brown v. State, No. 01-C-019112CR00367, 1992 WL 186548 (Tenn. Crim. App. Aug. 6, 1992) (cited by Sidney McGlowan; no application for permission to appeal filed). Therefore, the instant case is distinguishable from Antonio Bonds.

The Tennessee Supreme Court in Wright v. State analyzed a scenario similar to the instant case and concluded that the post-conviction statute of limitations "began to run when this Court denied Wright's petition for rehearing of his direct appeal." 987 S.W.2d 26, 28 (Tenn. 1999). Although the Court ultimately concluded that Wright's petition was untimely, the Court relied on their denial of his petition to rehear, not the issuance of their opinion, as the triggering act for the post-conviction statute of limitations. Id. We agree with the Petitioner and the State that the post-conviction court's reliance on Antonio Bonds was misplaced and that the post-conviction statute of limitations begins to run from the denial of a petition to rehear the Court's opinion. Accordingly, the Petitioner's post-conviction petition was timely and the post-conviction court erred by dismissing the petition.

- 4 -

Finally, the Petitioner also argues that Tennessee Code Annotated section 40-30-102 is unconstitutionally vague and "contrary to clearly established federal law"; however, because we are granting the Petitioner's requested relief and concluding that his petition is timely, we need not reach these issues in this appeal. Additionally, the Petitioner's argument that "the trial court should be disqualified from any further litigation in the instant case" due to "an appearance of impropriety" and "judicial misconduct" was not included in the petition for post-conviction relief and, therefore, the issue is waived. See Walsh v. State, 166 S.W.3d 641, 645 (Tenn. 2005) ("Issues not addressed in the post-conviction court will generally not be addressed on appeal."); see also Cauthern v. State, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) ("[A]n issue raised for the first time on appeal is waived."). Regardless, for the reasons stated above, we conclude that the Petitioner's post-conviction petition was timely and that the trial court erred by dismissing the petition. The Petitioner is entitled to appointment of counsel and an evidentiary hearing on his claims.

## **CONCLUSION**

After reviewing the record and the relevant authorities, we reverse the judgment of the post-conviction court and remand for further proceedings consistent with this opinion.

_____
CAMILLE R. McMULLEN, JUDGE

- 5 -