IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 14, 2026

## EARNEST COSTOSTENO WOODLEY v. JAMES M. HOLLOWAY, WARDEN

**Appeal from the Circuit Court for Davidson County**
**No. 25C1853         Joseph P. Binkley, Jr., Judge**

_____

**No. M2025-01383-CCA-R3-HC**

_____

In 2016, a Davidson County jury convicted the Petitioner, Earnest Costosteno Woodley, of four counts of attempted first degree premeditated murder. The trial court sentenced him as a repeat violent offender to four concurrent terms of life imprisonment without the possibility of parole. Nine years later, the Petitioner applied for a writ of habeas corpus, alleging that his criminal history did not qualify him as a repeat violent offender. The habeas corpus court summarily dismissed the application, concluding that the petition failed to state a cognizable claim for relief. The Petitioner appealed. Upon our review, we respectfully affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and STEVEN W. SWORD, JJ., joined.

Earnest Costosteno Woodley, Nashville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; and Ronald L. Coleman, Senior Assistant Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

In 2016, a Davidson County jury convicted the Petitioner of four counts of attempted first degree premeditated murder. The trial court sentenced him as a repeat violent offender to four concurrent terms of life imprisonment without the possibility of parole. A summary of the factual background of this case may be found in our opinion resolving the Petitioner's direct appeal. *See State v. Woodley*, No. M2018-00217-CCA-R3-CD, 2019 WL 1110096 (Tenn. Crim. App. Mar. 11, 2019), *perm. app. denied* (Tenn. July 24, 2019).

On July 8, 2025, the Petitioner filed a pro se application for a writ of habeas corpus. In his application, the Petitioner asserted that the trial court acted without jurisdiction when it sentenced him as a repeat violent offender. More specifically, the Petitioner alleged that he only had prior drug convictions at the time of the attempted murders,[1] which were not considered violent offenses under Tennessee Code Annotated section 40-35-120.

The habeas corpus court summarily dismissed the application by a written order filed on August 28, 2025. The court concluded that the Petitioner failed to state a cognizable claim and that his judgments were not void. The Petitioner then filed a timely notice of appeal thirteen days later. *See* Tenn. R. App. P. 4(a).

## STANDARD OF APPELLATE REVIEW

For each issue on appeal, a reviewing court must first determine the appropriate standard of review. *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The principal issue in this case is whether the habeas corpus court erred in summarily dismissing the application. This question is one of law, which we review "de novo with no presumption

---

[1] Taking judicial notice of the record from the Petitioner's direct appeal, *see State ex rel. Wilkerson v. Bomar*, 376 S.W.2d 451, 453 (Tenn. 1964), we note that he was also convicted of second degree murder in 1992. Nevertheless, for purposes of this appeal only, we take as true the Petitioner's allegations as to the nature of his prior convictions.

of correctness given to the conclusions of the court below." *Davis v. State*, 313 S.W.3d 751, 755 (Tenn. 2010).

## ANALYSIS

In this appeal, the Petitioner raises two issues. First, he contends that the trial court acted without jurisdiction when it sentenced him as a repeat violent offender because he lacked any prior convictions for violent offenses. Second, he contends that the habeas corpus court erred in summarily dismissing his application without an evidentiary hearing. We address each issue in turn.

The privilege of the writ of habeas corpus is guaranteed by Article I, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Although the writ is constitutionally protected, our supreme court has explained that "[u]nlike the federal writ of habeas corpus[,] which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). Instead, "a habeas corpus petition is used to challenge void and not merely voidable judgments." *Summers v. State*, 212 S.W.3d 251, 255-56 (Tenn. 2007).

Thus, the scope of the writ is narrow. Its successful prosecution "has long been limited to showing that the original judgment of conviction was void due to a lack of jurisdiction by the convicting court or to showing that the sentence has expired." *Ritchie*, 20 S.W.3d at 630. That limitation is not merely procedural; it reflects a considered constitutional boundary. A judgment that is merely irregular, or one that might have been challenged on direct appeal or in a post-conviction proceeding, does not cross that threshold. "[A] petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992).

Within that constitutional framework, the procedures governing habeas corpus have been regulated by statute "at least since the Code of 1858." *Ritchie*, 20 S.W.3d at 629 (citation and internal quotation marks omitted); *see* Tenn. Code Ann. §§ 29-21-101, *et seq.* Under those statutes, the petitioner bears the burden to establish by a preponderance of the evidence that the judgment is void or the confinement illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). If an application fails to state a cognizable claim, the court may

summarily dismiss it. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). That dismissal may proceed without appointment of counsel or an evidentiary hearing where the judgment or record shows no indication that the conviction is void or that the sentence has expired. *Summers*, 212 S.W.3d at 261.

## A.     REPEAT VIOLENT OFFENDER ENHANCEMENT

The Petitioner contends that the trial court acted without jurisdiction when it sentenced him as a repeat violent offender because his prior convictions were not violent offenses within the meaning of Tennessee Code Annotated section 40-35-120. The State responds that the Petitioner's claim is not cognizable in a habeas corpus proceeding because it challenges the factual predicate for an offender classification, not the trial court's jurisdiction to impose the sentence. We agree with the State.

When a habeas corpus petitioner alleges that his or her sentence is illegal, the court must first identify what type of sentencing error is alleged. In *Cantrell v. Easterling*, 346 S.W.3d 445 (Tenn. 2011), *superseded by rule on other grounds*, Tenn. R. Crim. P. 36.1, the court explained that sentencing errors fall into three categories. The first category consists of clerical errors, such as mistakes in filling out the judgment document. These errors do not render a sentence illegal and are addressed under Tennessee Rule of Criminal Procedure 36. *Id.* at 449.

The second category consists of "appealable errors," which include "attacks on the correctness of the methodology by which a trial court imposed sentence." *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015). These matters include decisions involving offender classifications. *Cantrell*, 346 S.W.3d at 458 ("Correction of an alleged error in offender classification must be sought on direct appeal."). Mistakes in the trial court's methodology for applying an offender classification, including inaccuracies in the court's factual findings, do not render a sentence illegal. *State v. Davis*, No. W2022-01404-CCA-R3-CD, 2023 WL 3916274, at *4 (Tenn. Crim. App. June 9, 2023), *perm. app. denied* (Tenn. Nov. 20, 2023). Such a defect rises to the level of an illegal sentence only when a trial court places a defendant in a classification that is not authorized under the Sentencing Act. *Id.*; *State v. Walker*, No. E2021-01115-CCA-R3-CD, 2022 WL 4475939, at *3 (Tenn. Crim. App. Sept. 27, 2022) (recognizing that "the erroneous classification of a defendant's offender status does not render a sentence illegal"), *perm. app. denied* (Tenn. Jan. 11, 2023).

The third category consists of "fatal errors," or those so profound as to render the sentence illegal and void. *Cantrell*, 346 S.W.3d at 452. An illegal sentence is one that is "in direct contravention of the express provisions" of an applicable statute. *Id.* (citation and internal quotation marks omitted). Another recognized example of an illegal sentence is one that is not authorized for the offense by any statute. *See Stephenson v. Carlton*, 28 S.W.3d 910, 912 (Tenn. 2000) (granting habeas corpus relief where the judgment included an "illegal and void" sentence of life imprisonment without the possibility of parole, which was not available under the statute in effect at the time the defendant committed the offense). Only fatal errors in this third category are cognizable in a habeas corpus proceeding. *Cantrell*, 346 S.W.3d at 452.

With these principles in mind, we address the Petitioner's argument regarding whether he qualifies as a repeat violent offender pursuant to Tennessee Code Annotated section 40-35-120. Under that statute, a defendant qualifies as a repeat violent offender when he or she is convicted of a violent offense listed in subsection (b)(1) and when the trial court finds, beyond a reasonable doubt, that the defendant has the requisite prior convictions. Tenn. Code Ann. § 40-35-120(a), (g) (2025). Upon such a finding, subsection (g) mandates a sentence of life imprisonment without the possibility of parole. *Id.* § 40-35-120(g). The statute identifies the offenses to which the classification applies, including first degree murder and any attempt to commit first degree murder. *Id.* § 40-35-120(b)(1)(A).

Because attempted first degree premeditated murder is expressly listed in section 40-35-120(b)(1)(A), the repeat violent offender designation was an authorized classification under the Sentencing Act to enhance the Petitioner's sentences. A trial court may err in applying that enhancement—for example, by making erroneous findings or conclusions about the number or type of predicate convictions—but those errors do not deprive the court of jurisdiction to consider the enhancement. *See Edwards v. State*, 269 S.W.3d 915, 924 (Tenn. 2008). The Petitioner's argument, therefore, challenges the correctness of the trial court's methodology, not whether the law authorizes this enhancement for his conviction offenses. As *Cantrell* explains, such challenges are "akin to a challenge to the sufficiency of the evidence" and must be raised on direct appeal. *Id.* at 451; *see also Yates v. Parker*, 371 S.W.3d 152, 156 (Tenn. Crim. App. 2012).

Because life imprisonment without the possibility of parole is a statutorily authorized sentence for a repeat violent offender convicted of attempted first degree premeditated murder, the Petitioner's conviction is not void. *See Jones v. State*, No. M2019-01935-CCA-R3-HC, 2020 WL 4208425, at *2 & n.1 (Tenn. Crim. App. July 22,

2020), *no perm. app. filed*. Any flaw in the trial court's application of that designation—including any mistake in its findings or conclusions regarding the Petitioner's prior convictions—renders the conviction voidable at most. *See Cantrell*, 346 S.W.3d at 458. The Petitioner is not entitled to habeas corpus relief on this ground.

## B.    SUMMARY DISMISSAL WITHOUT AN EVIDENTIARY HEARING

The Petitioner also contends that the habeas corpus court erred in summarily dismissing his application without conducting an evidentiary hearing. The State responds that a habeas corpus court may summarily dismiss an application that fails to state a cognizable claim, without conducting an evidentiary hearing or appointing counsel. We again agree with the State.

A habeas corpus court may summarily dismiss a petition without appointing counsel or conducting an evidentiary hearing when the petition fails to state a cognizable claim for relief. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Summary dismissal is appropriate when the face of the petition and the record demonstrate that the judgment is not void and that the sentence has not expired. *Summers*, 212 S.W.3d at 261.

As discussed above, the Petitioner's claim challenges only the factual basis for his offender classification and does not allege a defect that would render the judgments void. Because the petition does not present a cognizable ground for habeas corpus relief, the habeas corpus court was authorized to dismiss it summarily without an evidentiary hearing. The Petitioner is not entitled to relief on this ground.

## CONCLUSION

In summary, we hold that the Petitioner has not demonstrated that the challenged judgments are void or that his sentences have expired. Accordingly, we respectfully affirm the judgment of the habeas corpus court dismissing the application.

s/ *Tom Greenholtz*

TOM GREENHOLTZ, JUDGE